Park & Sim Law Group LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel:   (718) 445-1300
Fax:   (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ORLANDO CERON, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>T & T SCRAP, LLC and JOHN DOES #1-10, Jointly and Severally,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, ORLANDO CERON, (hereinafter, "Plaintiff"), on behalf of himself and all other collective persons similarly situated including current and former employees of the Defendants (hereinafter, "FLSA Collective Plaintiffs" and collectively with Plaintiff, the "Plaintiffs"), by and through his undersigned attorney, hereby file this Complaint against Defendants, T & T SCRAP, LLC and JOHN DOES #1-10. (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from

Defendants: (1) unpaid overtime, (2) unpaid wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 since the defendant resides in the County of Kings, New York.

## THE PARTIES

5. Plaintiff, ORLANDO CERON resides at 212 Hull Street Apt# 2L, Brooklyn, New York 11233.

6. Upon information and belief, Defendant, T & T SCRAP, LLC, is a domestic limited liability company organized under the laws of New York, with a principal place of business located at 340 Maspeth Avenue, Brooklyn, New York 11221.

7. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec.

2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

8. Upon information and belief, Defendant, T & T SCRAP, LLC is fully licensed and insured business entity that provides services of recycling including but not limited to handling, processing, sales and shipping of non-ferrous and ferrous scrap metal which is marketed on "www.tntscrap.com" and other advertisements.

9. At all relevant times, Defendant, T & T SCRAP, LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated non-exempt employees within the meaning of the FLSA, who were currently and formally employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are

essentially the same as those of the other FLSA Collective Plaintiffs.

14. This collective action class is so numerous that joinder of all members is impracticable and they would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. At all relevant times, Defendants have been in the business of recycling of scrap metal. Defendants currently own and operate a company that provides services of recycling including but not limited to handling, processing, sales and shipping of non-ferrous and ferrous scrap metal.

17. On or about August 1, 2007, Plaintiff, ORLANDO CERON, was hired by Defendants and/or their predecessors, as applicable, to work as a general laborer for their various work sites until his employment was terminated by Defendants on or about September 30, 2015.

18. During the employment of Plaintiff by Defendants, he worked well in excess of forty (40) hours per week. During Plaintiff's employment by Defendants, he worked over ten (10) hours per day six to seven days a week, including holidays.

19. Plaintiff received his compensation at a rate of $320.00 per week from the commencement of his employment until September 2014, and $470.00 per week from October

2014 until May 2015 and the rate of pay was increased to $600.00 per week in June 2015 until the termination of his employment. It is understood that for all relevant periods, the per week rate of pay was supposed to be payment for 40 hours per week. The Plaintiff and upon information and belief, the Collective Plaintiffs were not paid any overtime premiums for work in excess of 40 hours per week. At all relevant pay periods, Plaintiff worked more between 60 to 70 hours per week without proper wages and overtime premium being paid.

20. Defendants willfully violated Plaintiff's rights by paying him for only 40 hours a week despite the fact that he worked between 60 to 70 hours per week, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid for all hours worked including overtime premium.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for work performed in excess of 40 hours per week.

22. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

23. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

24. The work performed by Plaintiff required little skill and no capital investment.

25. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

27. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while the Defendants employed Plaintiff, Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

28. Plaintiff retained Park & Sim Law Group LLP to represent him and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and reavers Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, each of Defendants, T & T SCRAP, LLC and JOHN DOES #1-10, had gross revenues in excess of $500,000.00.

33. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

34. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

35. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

41.  Plaintiff realleges and reavers Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

42.  At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

43.  Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44.  Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

45.  Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

46.  Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

47.  Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

48.  Defendants willfully violated Plaintiff's rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

49. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimums wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award or statutory penalties, and prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 28, 2015

Respectfully submitted,

_____
Sang J. Sim, Esq. [ssim3467]
Park & Sim Law Group LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel: (718) 445-1300
Fax: (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*