

Littler Mendelson, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747

Justin R. Marino
631.247.4720 direct
631.247.4700 main
631.824.9296 fax
jmarino@littler.com

June 2, 2016

**BY ECF**

Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Orlando Ceron v. T & T Scrap, LLC
      Civil Action No. 1:16-cv-0063 (ARR) (JO)

Dear Magistrate Judge Orenstein:

This office represents Defendant T & T Scrap, LLC in the above-referenced case.  We write together with Plaintiff's counsel to either approve the settlement as fair and reasonable and dismiss the case with prejudice based on the attached settlement agreement (*see* Exhibit 1) and the information contained within this letter or to Order a telephonic fairness hearing so that the Court can determine that the Settlement is appropriate and ultimately dismiss the litigation with prejudice and without fees or costs, except as otherwise agreed by the parties.

As the Court may be aware, Plaintiff filed this Action on January 6, 2016 claiming, among other things, that Defendant violated various wage and hour laws set forth by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including failing to properly compensate Plaintiff and others similarly situated with overtime wages, minimum wages, and spread of hours premium.  Following continuous negotiations between counsel on both sides, which included a detailed analysis of the claims and defenses, the parties reached an amicable agreement.  The terms of the settlement require Defendant to remit $30,000, inclusive of attorneys' fees and costs, in exchange for a release of only wage-related claims – not a general release.

While Plaintiff asserts they could have possibly received more money had they proceeded to – and won – at trial, Plaintiff agrees that the Settlement Amount is fair and reasonable compromise because of the inherit risks and uncertainty in establishing the merits of their claim. Specifically, Defendant maintains that Plaintiff's duties (e.g., loading trucks and containers for interstate travel) were covered by the Motor Carrier Exemption, which would eliminate the requirement for overtime wages under the Fair Labor Standards Act and require only overtime based on minimum wages under New York Labor Law.  As such, if Defendant was successful, Defendant could have minimized or potentially eliminated any liability.

Magistrate Judge James Orenstein
June 2, 2016
Page 2

An additional important consideration in the settlement is that payments will be remitted in the short term, as opposed to waiting potentially years for the conclusion of litigation. Moreover, Plaintiff's receipt of compensation in the short term will also avoid the uncertainly and implications of Defendant's potential insolvency.

In light of the above, Plaintiff and Defendant respectfully request that this Court approve the parties' Agreement and that the Court dismiss this case with prejudice without attorneys' fees and costs except as provided for in the Agreement.[1] We thank the Court for its attention to this matter.

Sincerely,

Justin R. Marino

cc:  Plaintiff's counsel (via ECF)
Firmwide:140414326.1 081448.1001

---

[1] We have filed a stipulation of dismissal with prejudice as Exhibit 2.